AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Southern District of Ohio

| United States of America | ) |
|---|---|
| v. | ) Case No. 2:21-mj-263 |
| Kirk G. STEINMETZ | ) |
| Defendant(s) | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __April 1, 2020__ in the county of __Franklin__ in the __Southern__ District of __Ohio__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| Title 21 - U.S.C. 841(a)(1) | Possession With Intent to Distribute a Controlled Substance, to wit: Fentanyl, a Schedule II substance, in an undetermined amount. |
| Title 21 - U.S.C. 846 | Conspiracy |

This criminal complaint is based on these facts:
See Attatched Affidavit.

☑ Continued on the attached sheet.

_Complainant's signature_

Jonathan E. Baer, DEA Task Force Officer
_Printed name and title_

Sworn to before me and signed in my presence.

Date: 4-13-21

_Judge's signature_

City and state: Columbus, Ohio

Chelsey N. Vascura, U.S. Magistrate Judge
_Printed name and title_

# AFFIDAVIT IN SUPPORT OF ARREST WARRANTS

I, Jonathan E. Baer, (hereafter referred to as the affiant) being duly sworn deposed and state:

I am a Police Officer and Detective with the City of Westerville Division of Police, assigned full-time as a Task Force Officer (TFO) with the Drug Enforcement Administration (DEA), Columbus District Office.  As such, I am an "investigative or law enforcement officer" of the United States within the meaning of Title 18 U.S.C.§ 2510(7), that is, an officer of the United States empowered by law to conduct criminal investigations and make arrests for offenses enumerated in Title 18 U.S.C.§ 2516.  Your affiant has been employed by the City of Westerville as a "Law Enforcement Officer," as defined in the Ohio Revised Code Section 2901.01, since March, 2004.  Your affiant is empowered to investigate, to make arrests with or without warrants and to execute search warrants under the authority of Title 21 U.S.C. § 878 and the Ohio Revised Code.

Prior to being assigned to the DEA Task Force, your affiant was assigned to the City of Westerville Police Division, Patrol Bureau between March 2004 and March 2014.

(a) I graduated from the Ohio State Highway Patrol Academy located in Columbus, Ohio in June 2004.  I received approximately 16 weeks of specialized police training including but not limited to: search and seizure, investigative techniques, testifying in court, evidence collection, interview and interrogation, and controlled substance identification.

(b) I have received additional training in federal money laundering and asset forfeiture, methamphetamine production, and gang enforcement.

(c) During the course of my law enforcement career, I have had experience in debriefing defendants and interviewing participating witnesses, cooperating individuals and other persons who have personal knowledge and experience regarding the amassing, spending, conversion, transportation, distribution, and concealment of records and proceeds of trafficking in controlled substances. Furthermore, your affiant is fluent in Spanish and has had extensive experience debriefing and interviewing suspects, victims, and witnesses in Spanish.

(d) As a DEA TFO and police officer, I have participated in the execution of numerous search warrants at the residences and businesses of narcotics traffickers, safe houses, crack houses, and have participated in numerous arrests for drug related offenses.  I have drafted numerous search warrants.

(e) As a DEA TFO, I have participated in investigations targeting individuals and organizations trafficking heroin, cocaine, cocaine base ("crack"), marijuana, methamphetamine and other controlled substances as defined in 21 U.S.C.§ 801.

## STATEMENT OF FACTS

The following affidavit will lay out the relevant facts for the probable cause to arrest Kirk G. STEINMETZ (hereinafter referred to as STEINMETZ). This affidavit does not contain all facts known to investigators at this time. Rather, this affidavit contains only such information as is sufficient to set forth probable cause for the arrest of STEINMETZ for Possession With Intent to Distribute Fentanyl. Furthermore, this affidavit is not based solely on firsthand knowledge of the affiant. Rather, this affidavit is also based on information provided by other investigators, officers, agents, and law enforcement officials.

1. On or about April 2, 2020, investigators with the Gahanna Division of Police received information that STEINMETZ and Dustin MAY acquired fentanyl from a drug trafficker known as "Yellow."

2. On or about April 6, 2020, members of GPD conducted a consensual interview of STEINMETZ at the police station. STEINMENTZ admitted to investigators that he purchased $70.00 of fentanyl from "Yellow" on 04/01/2020. STEINMETZ arranged to meet "Yellow" at the Shell Gas Station located at 4431 Cleveland Ave. Columbus, OH.

3. STEINMENZ also said half of the money he used for the purchase of fentanyl belonged to Dustin MAY, to whom STEINMETZ provided half the fentanyl purchased on 04/01/2020.

4. STEINMETZ admitted to having been a heroin and fentanyl user for some time. STEINMETZ claimed his opiate use was largely due to pain from a neck injury sustained during a fight while previously incarcerated.

5. STEINMETZ provided investigators with "Yellow's" current cellular phone, 614-316-0561 (hereinafter referred to as PN-0561), as well as additional phone numbers on which STEINMETZ had previously contacted "Yellow". STEINMETZ also positively identified "Yellow" as Diamondo V. BUTLER. STEINMETZ provided investigators with consent to conduct a forensic download his cellular phone.

6. On or about April 7, 2020, members of GPD downloaded STEINMETZ's cellular phone and obtained corroborating evidence of the contact between STEINMETZ and BUTLER.

7. Gahanna PD Detective Hendon applied for a State of Ohio Search Warrant, through Franklin County, for the Geo-Location Data pertaining to both STEINMETZ's cellular phone as well as Diamondo V. BUTLER's cellular phone. Information obtained in response to the search warrant confirmed that both cellular phones were in close proximity to each other on 04/01/2020.

8. Based on the statements made by STEINMETZ as well as the data obtained from both the forensic download of cellular phones and the data obtained from the cellular service provider, the affiant believes that STEINMETZ did purchase fentanyl from Diamondo V. BUTLER on 04/01/2020. Furthermore, STEINMETZ purchased said fentanyl with intent to provide it to another person.

9. In summary, the affiant believes there is probable cause to assert that Kirk G. STEINMETZ, has knowingly and willingly committed the offense of Possession With Intent to Distribute Fentanyl, a Schedule II controlled substance. Kirk G. STEINMETZ did also conspire with another, to wit: Diamondo V. BUTLER, to further the offenses in violation of Title 21 United States Code § 841(a)(1), and 846.

Jonathan E. Baer
Task Force Officer
Drug Enforcement Administration

Sworn before me and subscribed in my presence on this 13 day of April, 2021, in Columbus, Ohio.

Chelsey N. Vascura
United States Magistrate Judge
Southern District of Ohio, Eastern Division